UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Local 1982, International
Longshoremen's Association,    Case No. 3:12 cv 1384

        Plaintiff

   v.    MEMORANDUM OPINION

Midwest Terminals of Toledo,
International, Inc.,

        Defendant

## I. BRIEF BACKGROUND

In 2011, the grievance which precipitated this litigation concerned the Defendant's failure to establish an employer pension and welfare plan pursuant to the Master Agreement. The remedy sought by the Plaintiff requested the Defendant "[e]stablish Health Welfare & pension Fund including a payment plan on the unfunded liability and the plan to be made whole." *Local 1982, International Longshoremen's Association v. Midwest Terminals of Toledo, International, Inc.*, No. 13-3654 at p. 4 (6th Cir. Mar. 26, 2014). The matter was submitted to arbitration.

As a result of the Defendant's failure respond or participate in the arbitration process, the Joint Grievance Committee issued the following award, determining that Midwest::

> [H]ad ample time to establish trust fund plans that meet minimum ERISA standards which satisfy the requirement of "local union and employer ERISA approved benefit, pension and welfare plans" as defined in the GLSE and GLDC Master Agreement (5A).
> Therefore, our ruling is that a procedure be moved forward to correct Midwest Terminals International's apparent violation of 5.A of the GLSE/GLDC Master Agreement.

1

(Doc. No. 1-3, p. 2).

In June 2012, Plaintiff filed this action to confirm the arbitration award and Defendant promptly filed a motion to vacate the same award. In June 2013, I granted Defendant's motion to vacate and denied Plaintiff's motion to confirm. (Doc. No. 16). Following an appeal, the Sixth Circuit reversed and remanded the case, "direct[ing] the district court to enter an order enforcing the arbitration award." (Doc. No. 19 at p. 19).

On April 28, 2014, this Court held that "[p]ursuant to the mandate from the Sixth Circuit (Doc. No. 20), the arbitration award is confirmed and ordered enforced." (Doc. No. 21).

The parties then spent a significant amount of time attempting to resolve their differences as to the terms of the trust agreement but were unsuccessful.

This matter is before me on Plaintiff's request to remand this action to the Joint Grievance Committee for clarification. Also before me is Defendant's opposition to remand as well as Plaintiff's reply. For the reasons that follow, I find Plaintiff's request well taken.

## II. DISCUSSION

Both sides agree the award requires the Defendant to establish an ERISA trust fund. Plaintiff requests that I remand this case to the Joint Grievance Committee for clarification of the award. In contrast, the Defendant opposes remand to the Joint Grievance Committee on the basis the award is not ambiguous.

The Sixth Circuit has spoken on the issue of remand following an award in the light of ambiguity as follows:

> "A remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award." *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000). The authority to order a remand derives from a recognized exception to the *functus officio* doctrine, which holds that an arbitrator's duties are generally discharged upon the rendering of a final award, when the arbitral authority is terminated. *See id.* at 976-77. However, " '[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.' " *Id.* at 977

2

(quoting *La Vale Plaza v. R.S. Noonan, Inc.*, 378 F.2d 569, 573 (3d Cir. 1967) ). *See also Hyle v. Doctor's Assoc.*, 198 F.3d 368, 270 (2d Cir. 1999) ("[A] district court can remand an award to the arbitrator for clarification where an award is ambiguous.").

*M & C Corp. v. Erwin Behr BmbH & Co.*, 326 F.3d 772, 782 (6th Cir. 2003). *Accord United Steel, Paper and Forestry v. Sekisui Specialty Chemicals America, LLC*, 2012 WL 692810 *4 (W.D. Ky. 2012). *See also*, ELKOURI & ELKOURI, HOW ARBITRATION WORKS Ch. 7.5.E.i.b. (7th ed. 2012).

The arbitration award addressed in the letter of April 16, 2012, characterizes the establishment of the trust fund plans as those which "meet minimum ERISA standards which satisfy the requirement of 'local union and employer ERISA approved benefit, pension and welfare plans' as defined in the GLSE and GLDC Master Agreement (5.A.)." (Doc. No. 1-3).

There is no dispute the arbitration award requires the establishment of an ERISA health and welfare trust fund. It is the details behind the establishment of this fund which puts the parties at loggerheads.

For example, Local 1982's position as stated in their memorandum in support of remand advocates:

> that the Joint Grievance Committee ordered Midwest to establish ERISA trust funds that are jointly administered by an equal number of Union and Company trustees. Under Local 1982's understanding of the Award, the ERISA funds' boards of trustees would administer the ERISA funds, including establishing the plan or plans of benefits offered to fund participants through the ERISA funds, among other functions. Ultimately, under Local 1982's interpretation of the Award, Midwest and Local 1982 would collectively bargain over the contributions required to be paid into the ERISA funds; the ERISA funds' trustees would then adopt a plan or plans of benefits based on the contributions received.

(Doc. No. 43 at p.2).

In contrast, Midwest submits:

> [T]he award merely requires Midwest to establish trust fund plans that meet the minimum ERISA standards and that a procedure be moved forward to correct Midwest's apparent violation of 5.A of the Master Agreement. The Award does not mandate the specific terms and conditions of the Trust Agreement nor does it dictate that trustees are to administer the plan, i.e., create the health and welfare fund.

(Doc. No. 44 at p.3).

3

The paucity on specifics in establishing the trust fund plan render the award ambiguous. As noted by the Sixth Circuit, "for a court to engage in guesswork as to the meaning and application of an ambiguous award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration." 326 F.3d at 782.

Midwest itself admits that "the Award does not expressly set forth any of the terms and conditions of the Trust Agreement, let alone the that Trust Agreement is to be jointly administered and trustees are to establish the welfare plan." (Doc. No. 44 at p. 6).

The award is set forth in a short three paragraph letter, with the substantive portions of the letter previously cited herein. It certainly did not help matters that Midwest chose not to participate in the arbitration process. With the divergent interpretations presented by the parties in consideration with the language of the award, I find the arbitration award to be ambiguous as it fails to specify the details sufficient to support either party's position. On remand, the parties will undoubtedly promote their interpretation of the award. Midwest can argue the application necessarily requires action outside of the applicable bargaining agreement.

Midwest also opposes remand as it characterizes Local 1982's action as seeking interest arbitration. The Defendant contends that remanding the matter back to the Joint Grievance Committee would improperly allow that body to craft contractual obligations of the trust fund, something which is the province of bargaining between the parties.

"Interest arbitration, unlike grievance arbitration, focuses on what the terms of a new agreement should be, rather than the meaning of the terms of the old agreement." *Local 58, Intern. Broth. Of Elec. Workers, AFL-CIO v. Southeastern Michigan Chapter, Nat. Elec. Contractors Assoc., Inc.,* 43 F.3d 1026, 1030 (6th Cir. 1995).

In this case, the parties were bound by the GLSE/GLCD Master Agreement at the time the grievance was filed. Local 1982 is not proposing terms of a new agreement but relies on the terms set forth in the Master Agreement in place during the relevant time period. The arbitration award

4

itself also references compliance with the Master Agreement. There is nothing which prevents the parties from presenting their positions on this issue to the Joint Grievance Committee on remand. My determination, however, is limited to whether the arbitration award is ambiguous and whether remand is appropriate.

Finally, Midwest objects to remand to the Joint Grievance Committee because one of the original members, Mr. Raymond Sierra, in his capacity as a trustee, was the subject of a 2003 consent order reportedly barring him from serving on any ERISA benefit plan. Remand of this action is to the Joint Grievance Committee, an arbitration panel created by the Master Agreement. Midwest has not proffered any authority on which this Court has jurisdiction to direct the remand other than the arbitration entity which issued the original award. While I am bound to render a decision on the propriety of remand, my task is limited to that issue and Midwest's objections are overruled.

### III. CONCLUSION

For the reasons stated above, I find the April 16, 2012 arbitration award to be ambiguous and order the matter remanded back to the Joint Grievance Committee for clarification. Plaintiff's motion to show cause (Doc. No. 22) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge