UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


International Longshoremen's Association
Local 1982,

Case No.  3:12-cv-1384

Plaintiff

v.

MEMORANDUM OPINION
AND  ORDER


Midwest Terminals of Toledo
International, Inc.,

Defendant

This matter is before me on the Midwest Terminals' motion to enforce this Court's order,

for an Order to Show Cause why Plaintiff, Local 1982, should not be found in contempt of the June

21, 2017 mandate issued by the Court of Appeals for the Sixth Circuit, and a request for sanctions.

(Doc. No. 57)

Local 1982 filed a memorandum in opposition (Doc. No. 58) and Midwest Terminals

submitted its reply.  (Doc. No. 59).

## I. BRIEF BACKGROUND

This case was filed on June 1, 2012.  The history of this litigation is well known to the

parties, myself, and the Court of Appeals, which allows me to dispense with a lengthy recitation of

history.  *See Local 1982, Intern. Longshoremen's Ass'n v. Midwest Terminals of Toledo, Intern., Inc.*, Case No.

16-4004, 694 Fed. Appx. 985 (6th Cir. May 30, 2017); *Local 1982, Intern. Longshoremen's Ass'n v. Midwest*

*Terminals of Toledo, Intern., Inc.*, No. 13-3654, 560 Fed. Appx. 529 (6th Cir.), *cert. denied*, 135 S.Ct. 167

(2014).

In its briefing, Midwest spends considerable time on the history between the two parties,

beginning in January 19, 2017 through June 12, 2017.  Midwest claims these "events" supports its

position that Local 1982 refused to abide by the pending Orders and Mandates. As a result, Midwest seeks a show cause order why Local 1982 should not be found in contempt and also requests sanctions.

## II. MOTION FOR CIVIL CONTEMPT

A party seeking an order of civil contempt must prove by clear and convincing evidence that the respondent violated the Court's prior order. *Glover v. Johnson,* 138 F.3d 229, 244 (6th Cir. 1998). A primary purpose of civil contempt sanctions is to enforce compliance with a court order. *See Downey v. Clauder,* 30 F.3d 681, 685 (6th Cir. 1994).

The Court must find that the Defendants "violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (citation omitted). The factors the movant must establish include: "(1) the order clearly and unambiguously imposed an obligation on the party; (2) proof of the party's noncompliance with the order was clear and convincing; and (3) the party did not diligently attempt to comply with the order." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 505 (6th Cir. 2000) (citation omitted).

In a civil contempt proceeding, unlike a criminal proceeding, intent is irrelevant and "willfulness is not an element of civil contempt." *Rolex*, 74 F.3d at 720. Once the movant makes a prima facie showing of the violation, it becomes the respondent's burden to prove an inability to comply as follows:

[T]he test is not whether defendants made a good faith effort at compliance but whether "the defendants took all reasonable steps within their power to comply with the court's order.

2

*Glover*, 138 F.3d at 243 citing *Glover v. Johnson,* 934 F.2d 703, 708 (6th Cir. 1991).  Good faith is not a

defense in a civil contempt action.  The respondent can assert an inability to comply, but must

demonstrate "categorically and in detail" why they did not comply with the court's order.  *Id.*

Where the court finds that sanctions are appropriate, they may be imposed "solely to coerce

future compliance with the court's order or to compensate for injuries resulting from

noncompliance."  *N.L.R.B. v. Howard Baer, Inc.,* 99 F.3d 1139, 1996 WL 490347, *17 (6th Cir. 1996).

The court's focus is prospective in nature and must, therefore, "exercise the least possible power

adequate to the proposed end."  *Id.* citing *Shillitani v. United States,* 384 U.S. 364, 379 (1966).

### III. DISCUSSION

After this Court issued its opinion finding the April 16, 2012 arbitration award to be

ambiguous and ordered the matter remanded back to the Joint Grievance Committee for

clarification (Doc. No. 46), Midwest Terminals filed its notice of appeal on August 29, 2016.  (Doc.

No. 48).  In that opinion, I also denied Local 1982's motion to show cause why Midwest should not

be in contempt (Doc. No. 22) as moot.

On March 13, 2017, Midwest filed an Emergency Motion to stay the August 16, 2016

opinion remanding the matter to the Joint Grievance Committee.  (Doc. No. 50).  Midwest

requested an order re-opening the case because one of the two original members of the Joint

Grievance Committee had been replaced as the management representative, thereby making it "not

possible to obtain an opinion clarifying the Award" and requesting "an Order denying enforcement

of the Award because the ambiguity can no longer be clarified."  (Doc. No. 50 at p. 3).  Following

an expedited briefing period, on March 27, 2017, I denied the emergency motion to stay, without

prejudice, deferring that decision to the Sixth Circuit Court of Appeals.  (Doc. No. 54).

On May 30, 2017, the Sixth Circuit affirmed the order remanding the arbitration award for

clarification and denied Midwest's motion for a stay of the clarification hearing.  (Doc. No. 55).  The

mandate was received by this Court on June 22, 2017.  (Doc. No. 56).   Eleven days after the

mandate was filed, Midwest filed this motion to show cause, on July 3, 2017.

Apart from the submissions in this case, I also take judicial notice of the related litigation

initiated by both parties in this forum.  *See Midwest Terminals v. Local 1982*, Case No. 3:17-cv-661

(N.D. Ohio); *Local 1982 v. Midwest Terminals*, Case No. 3:17-cv-1688 (N.D. Ohio).

The issue before me is straightforward:  Did the Plaintiff violate a definite and specific order

of the Court?  I find they did not.  The language of my August 16, 2016 order states as follows:

> **For the reasons stated above, I find the April 16, 2012 arbitration award to be**
> **ambiguous and order the matter remanded back to the Joint Grievance**
> **Committee for clarification.**

The Sixth Circuit's May 31, 2017 opinion affirming that decision states:

> **We AFFIRM the district court's order remanding the arbitration award for**
> **clarification.**

Neither order imposed a deadline by which the process for clarification should begin, be

completed, or addressed any other deadlines.   Additionally, as an appeal of my August 16, 2016

ruling was undertaken and was not completed until late June 2017, I cannot find a basis for issuing a

show cause order or holding a hearing on contempt.

## IV. CONCLUSION

For the reasons stated above, Midwest's motion to enforce a court order and for an order to

show cause why Local 1982 should not be found in contempt, and for sanctions (Doc. No. 57) is

denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge